UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
FELIX SANSONE,

                                                Civ. Case No.:
                      Plaintiff,         2:17-CV-2609

         -against-

                                      **COMPLAINT**

RPL SUPPLIES, INC.,
RPL GROUP LLC d/b/a RPL SUPPLIES, LLC,
CARSON CHEN, individually, and         Plaintiff Demands A
JAMES PENG, individually,             Trial By Jury

                      Defendants.
-------------------------------------------------------------------X

        Plaintiff, FELIX SANSONE (hereinafter referred to as "SANSONE" and/or "Plaintiff"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant RPL SUPPLIES, INC. (hereinafter referred to as "RPL-S"), Defendant RPL GROUP LLC d/b/a RPL SUPPLIES, LLC (hereinafter referred to as "RPL-G"), Defendant CARSON CHEN (hereinafter referred to as "CHEN"), and Defendant JAMES PENG (hereinafter referred to as "PENG") (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff FELIX SANSONE brings this action against Defendants, charging that Defendants violated Plaintiff's rights under The Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), as amended, and to remedy violations of the New Jersey Law Against Discrimination ("NJLAD"),

based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of age discrimination, together with retaliation and unlawful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and the ADEA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. On or about June 16, 2016, Plaintiff filed a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

5. On or about January 25, 2017, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff has satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the District of New Jersey.

## PARTIES

8. Plaintiff is an individual man who is a resident of the State of New York and the County of Rockland.

9.  At all times material, Defendant RPL SUPPLIES, INC. is a domestic profit corporation duly existing by the virtue and laws of the State of New Jersey that does business in the State of New Jersey.

10. At all times material, Defendant RPL GROUP LLC d/b/a RPL SUPPLIES, LLC is a domestic limited liability company duly existing by the virtue and laws of the State of New Jersey that does business in the State of New Jersey.

11. At all times material, Plaintiff was employed by Defendant RPL-S and Defendant RPL-G (hereinafter collectively referred to as "RPL").

12. At all times material, Defendant JAMES PENG was and is the Owner of RPL.

13. At all times material, PENG had supervisory authority over Plaintiff with regard to his employment.

14. At all times material, CARSON CHEN was and is the Manager of RPL.

15. At all times material, CHEN had supervisor authority over Plaintiff with regard to his employment.

## MATERIAL FACTS

16. RPL operates a sublimation supply and heat press company that prints images on ceramic mugs, t-shirts, key chains, etc.

17. Plaintiff began working for Defendant RPL-S in or around May 1991.

18. Defendant RPL-S hired Plaintiff as a Graphic Artist.

19. Plaintiff worked in Defendant RPL-S's office located at 141 Lanza Avenue, Building 3A, Garfield, New Jersey 07026.

20. At the time Plaintiff was hired, RPL-S was owned and operated by HENRY FISHMAN (hereinafter referred to as "FISHMAN"), and LARRY MILAZZO (hereinafter referred to as "MILAZZO").

21. With the technological advances of the internet, Plaintiff eventually became a Web Designer.

22. Plaintiff's primary duties and responsibilities consisted of creating and maintaining the company website, social media, catalog design, as well as supporting the sales staff with fliers and promotions.

23. In or around September 2011, FISHMAN and MILAZZO sold the company to PENG.

24. Shortly thereafter, in or around September 2011, RPL-S became RPL-G which does business as RPL SUPPLIES, LLC.

25. From 2012 to 2014, RPL underwent several significant personnel changes.

26. During this time of change and uncertainty, in or around 2014, PENG relied on Plaintiff's knowledge and seniority and assigned Plaintiff to a three person management team. The management team was comprised of Plaintiff, CONNIE CIANNI (Bookkeeper for RPL)(hereinafter referred to as "CIANNI"), and JEFF BALASKOVITS (Technical Support Specialist for RPL)(hereinafter referred to as "JEFF").

27. At this time, Plaintiff worked for RPL for approximately twenty-three (23) years and was a trusted and valuable adviser to PENG. As a member of the management team, PENG asked Plaintiff to maintain daily business operations.

28. In or around May 2015, PENG hired CHEN to manage and supervise RPL's operations.

29. CHEN had supervisory authority over all employees of RPL, including the management team of which Plaintiff was a member.

30. Shortly after CHEN became Plaintiff's supervisor, in or around June 2015, CHEN informed Plaintiff about his plans to take RPL's business in a "newer,"

"younger," and "fresher" direction.

31. At this time, Plaintiff was forty-nine (49) years old.

32. Upon information and belief, at this time CHEN was under the age of thirty (30).

33. In or around November 2015, CHEN informed Plaintiff that Plaintiff was too old and that RPL was headed in a new direction. As a result, CHEN instructed Plaintiff to retire. Plaintiff did not wish to retire and refused. At this time, Plaintiff informed CHEN that his comments regarding Plaintiff's age and his request that Plaintiff retire were offensive and discriminatory.

34. Defendants discriminated against Plaintiff on the basis of his age.

35. Shortly thereafter, in or around December 2015, CHEN began to take various projects that had been previously assigned to Plaintiff, and reassign them to other younger employees.

36. Defendants continued to discriminate against Plaintiff on the basis of his age by assigning his work to younger employees.

37. Moreover, Defendants retaliated against Plaintiff for refusing to retire and for his complaints of disparate treatment on the basis of his age.

38. In or around December 2015, Plaintiff complained to CHEN about his projects being reassigned to younger employees.

39. Again, in or around January 2016, Plaintiff complained to Defendants regarding the ongoing discrimination and retaliation.

40. Plaintiff stated he felt he was being discriminated against on the basis of his age and retaliated against for refusing to retire, evidenced by the fact that his assignments were being taken away.

41. Shortly after Plaintiff's complaints, on or about February 19, 2016, Defendants terminated Plaintiff.

42. Defendants informed Plaintiff that his position had been eliminated for budgetary reasons.

43. As shown in Defendants' subsequent Facebook posts below, Defendants' reason for terminating Plaintiff was merely pretextual.

44. Defendants' blatantly advertised their discriminatory animus on their own Facebook page as demonstrated in the following screen capture taken in or around April 2016:



45. That same day, in another Facebook post, Defendants elaborate on their discriminatory practice stating, "This industry...is still lead by the same people who first caught on to dye-transfers in the mid-80's. People brand new to this industry, are still looking to those who founded their sublimation supply companies when the old tech of today was brand new then. Sadly, because the industry hasn't attracted younger, fresher minds, it has been stuck in the 80s." Defendants add to this discriminatory rant by stating, "Those days are over at RPL. Our motto going forward is Fresher. Younger. Wiser. Better."



46. On or about April 29, 2016, Defendants posted on Facebook stating they are "looking for fun people," to fill positions for a Marketing Assistant/Designer (the position previously held by Plaintiff), an Account Manager, as well as Production and Shipping.



**RPL Supplies** 😀 **looking for fun people.**

Posted by Sean Comeaux

April 29 at 10:19 PM · 🌐

**RPL SUPPLIES IS HIRING! You guys are keeping us so busy we have to expand our staff to keep up with the growth! We need: 1 FT Marketing Assistant/Designer, 1 FT Account Manager, 1 FT and 1 PT Production person and 1 FT Shipping person. Know anyone? Are you that someone? Let us know! information@rplsupplies.com RE:Job Opening**



47. By Defendants' own admission, Defendants discriminated against Plaintiff on the basis of his age, and retaliated against Plaintiff for his complaints of age discrimination.

48. At the time Defendants unlawfully terminated Plaintiff, Plaintiff was fifty (50) years old.

49. At the time Defendants terminated Plaintiff, Plaintiff's salary was approximately fifty-three thousand dollars ($53,000.00).

50. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

51. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

52. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

54. The above are just some of the examples of the pattern and practice of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

55. Plaintiff demands reinstatement to his position.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION**
**UNDER TITLE VII**
**(AGAINST DEFENDANT RPL-S AND DEFENDANT RPL-G)**

56. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer:

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

58. The exact number of employees at RPL is unknown, but upon information and belief, there are well more than the statutory minimum.

59. Defendant RPL-S and Defendant RPL-G engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of his age.

60. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

61. Defendant RPL-S and Defendant RPL-G violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION**
**UNDER TITLE VII**
**(AGAINST DEFENDANT RPL-S AND DEFENDANT RPL-G)**

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

64. The exact number of employees at RPL is unknown, but upon information and belief, there are well more than the statutory minimum.

65. Defendant RPL-S and Defendant RPL-G engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

66. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## DISCRIMINATION
## (AGAINST ALL DEFENDANTS)

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. New Jersey's Law Against Discrimination ("NJLAD") Section 10:5-12(a) sets forth in pertinent part as follows:

"It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

69. Defendants engaged in unlawful discriminatory practices prohibited by NJLAD Section 10:5 *et seq.*, by discriminating against the Plaintiff on the basis of his age.

70. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the NJLAD Section 10.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## RETALIATION
## (AGAINST ALL DEFENDANTS)

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. New Jersey Law Against Discrimination §10:5-12(d) provides that it shall be an unlawful discriminatory practice:

"For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted by this act."

74. Defendants engaged in unlawful discriminatory and retaliatory practices prohibited by NJLAD Section 10:5 *et seq.*, by retaliating and otherwise discriminating against Plaintiff, including, but not limited to, terminating Plaintiff's employment, because of Plaintiff's opposition to Defendants' unlawful employment practices.

75. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## AIDING AND ABETTING
## (AGAINST ALL DEFENDANTS)

76. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. New Jersey Law Against Discrimination §10:5-12(e) provides that it shall be an unlawful discriminatory practice:

"For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

78. Defendants engaged in an unlawful discriminatory practice prohibited by NJLAD Section 10:5 *et seq.*, by aiding, abetting, inciting, compelling and/or coercing the discriminatory, unlawful, and retaliatory conduct as stated herein.

79. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
## (AGAINST DEFENDANT RPL-S AND DEFENDANT RPL-G)

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (a) provides in pertinent part that:

"It shall be unlawful for an employer-

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;…"

82. The exact number of employees at RPL is unknown, but upon information and belief, there are well more than the statutory minimum.

83. Defendants engaged in unlawful discriminatory practices prohibited by 29. U.S.C. 623 *et seq.*, by discriminating against the Plaintiff on the basis of his age.

84. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**
**(AGAINST DEFENDANT RPL-S AND DEFENDANT RPL-G)**

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

86. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (d) provides in pertinent part that:

"It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

87. The exact number of employees at RPL is unknown, but upon information and belief, there are well more than the statutory minimum.

88. Defendants engaged in unlawful discriminatory and retaliatory practices prohibited by 29. U.S.C. 623 *et seq.*, by retaliating and otherwise discriminating against Plaintiff, including, but not limited to, terminating Plaintiff's

employment, because of Plaintiff's opposition to Defendants' unlawful employment practices.

89. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN EIGHTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
(AGAINST DEFENDANT RPL-S AND DEFENDANT RPL-G)**

90. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (e) provides in pertinent part that:

"It shall be unlawful for an employer, labor organization, or employment agency to print or publish, or cause to be printed or published, any notice or advertisement relating to employment by such an employer or membership in or any classification or referral for employment by such a labor organization, or relating to any classification or referral for employment by such an employment agency, indicating any preference, limitation, specification, or discrimination, based on age."

92. The exact number of employees at RPL is unknown, but upon information and belief, there are well more than the statutory minimum.

93. Defendants engaged in unlawful discriminatory and retaliatory practices prohibited by 29. U.S.C. 623 *et seq.*, by publishing discriminatory advertisements on the internet stating, *inter alia*, "This industry...is still lead by the same people who first caught on to dye-transfers in the mid-80's. People brand new to this industry, are still looking to those who founded their sublimation supply companies when the old tech of today was brand new then. Sadly, because the

industry hasn't attracted younger, fresher minds, it has been stuck in the 80s." Defendants add to this discriminatory rant by stating, "Those days are over at RPL. Our motto going forward is Fresher. Younger. Wiser. Better."

94. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, the ADEA, and the New Jersey Law Against Discrimination, and that Defendants harassed and discriminated against Plaintiff on the basis of his age, together with retaliation and wrongful termination;

B. Awarding damages to the Plaintiff, retroactive to his date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff his reinstatement to his position;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputation;

E. Awarding Plaintiff punitive damages against all Defendants, jointly and severally;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Very truly yours,

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

Dated:   April 17, 2017
         New York, New York

By: _____
         Zack Holzberg, Esq.
         30 Broad Street, 35th Floor
         New York, New York 10004
         (212) 587-0760